IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-20577
Summary Calendar

---

MARTIN T. FRANCO, JR.,

Plaintiff-Appellant,

versus

MR. WILLIAMS, Pack Two Unit;
CLEMENTS UNIT; MS. LYDA, Huntsville
Unit; DARRINGTON UNIT; MARK W.
MICHAEL UNIT; MR. REYES, H.H.
Coffield Unit; MR. ADAMS, James A.
Ferguson Unit; MR. WEST, French M.
Robertson Unit; CHARLES T. TERRELL
UNIT; MR. DEAN, George J. Beto One Unit;
JAMES A. ALLRED UNIT; ALFRED D. HUGHES
UNIT; RAMSEY ONE UNIT,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1171

---

October 17, 2002

Before GARWOOD, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Martin T. Franco, Jr. (Franco), Texas prisoner #490569,

appeals the district court's dismissal of his 42 U.S.C. § 1983

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint. The district court dismissed the complaint because it was filed in violation of district court sanction orders.

Although we construe the briefs of *pro se* litigants liberally, *see Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995), Franco has provided no understandable argument on the issue of whether the district court erred in dismissing his suit on account of the sanction orders. He has, therefore, waived the only issue for appeal. *Id.*

This appeal is without merit and frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and is therefore DISMISSED. *See* 5TH CIR. R. 42.2. This court's dismissal as frivolous also constitutes one strike for purposes of the three-strikes provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("[B]oth the frivolous appeal and a lower court's dismissal as frivolous count."). Franco is WARNED that if he accumulates three strikes he will be unable to proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTION WARNING ISSUED.